UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.

    CASE No. 8:09-MC-125-T-30TGW

DAVID L. SIMMONS,

    Respondent.

## REPORT AND RECOMMENDATION

The United States of America seeks to enforce in this suit an Internal Revenue Service (IRS) summons served upon the respondent, David L. Simmons. For the following reasons, I recommend that the summons be enforced.

In this case, a petition was filed stating that an investigation was being conducted into the liability of the respondent for the years 2004 to the present for penalties under 26 U.S.C. 6700 or 6701 in connection with a tax promotion he marketed. It was alleged further that the respondent was in possession of testimony and documents concerning the investigation and that the summons was issued by the IRS directing the respondent to appear before a revenue officer and produce documents for examination. The respondent

failed to appear in response to the summons, and failed to produce the required books, papers, records, or other data.

The revenue officer has filed a declaration under penalty of perjury stating that the books, papers, records, and other data may be relevant for the determination of the liability of David L. Simmons for penalties under 26 U.S.C. 6700 or 6701 for the years 2004 to the present. He alleges further that the information sought is not in the possession of the IRS. He also states that all administrative steps required by the Internal Revenue Code for the issuance of a summons have been taken.

An Order to Show Cause was issued directing the respondent to file a written response within twenty (20) days of service (Doc. 2). The Order further directed that, should the respondent raise any objection to the enforcement of the summons, he should appear for a hearing on April 14, 2010, at 2:30 P.M., to show cause why the summons should not be enforced. The Order and accompanying documents were personally served upon the respondent on January 28, 2010 (Doc. 3). However, the respondent did not file a written response and did not appear at the time scheduled for the hearing.

The Supreme Court held in United States v. Powell, 379 U.S. 48, 57-58 (1964), that a summons is to be enforced upon a showing "that the investigation will be conducted pursuant to a legitimate purpose, that the

inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the Code have been followed...." In this case, the Government has made such a showing through the petition and the verified declaration. See United States v. Southeast First National Bank of Miami Springs, 655 F.2d 661, 664 (5th Cir. 1981). As indicated, the respondent has failed to controvert the showing or raise any other viable defense to the summons.

I therefore recommend that the respondent be ordered to comply with the IRS summons served upon him.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: APRIL 15, 2010

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).